09-0204-ag
Chen v. Holder

BIA
Hom, IJ
A096-108-947

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

PRESENT:
>        JON O. NEWMAN,
>        JOSÉ A. CABRANES,
>        PETER W. HALL,
>             <u>Circuit Judges</u>.

_____

TIANJIE CHEN, ALSO KNOWN AS TIAN TZE CHEN,
>        <u>Petitioner</u>,

>        v.                                    09-0204-ag
                                               NAC

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,
>        <u>Respondent</u>.

_____

FOR PETITIONER:        Michael Brown, New York, New York.

**FOR RESPONDENT:**      Tony West, Assistant Attorney
General, Civil Division; Daniel E.
Goldman, Senior Litigation Counsel,
Office of Immigration Litigation;
Andrew B. Insenga, Trial Attorney,
United States Department of Justice,
Office of Immigration Litigation,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a
Board of Immigration Appeals ("BIA") decision, it is hereby
ORDERED, ADJUDGED, AND DECREED that the petition for review
is DENIED.

Petitioner, TianJie Chen, a native and citizen of the
People's Republic of China, seeks review of a December 19,
2008 order of the BIA affirming the July 20, 2006 decision
of Immigration Judge ("IJ") Sandy K. Hom denying Chen's
application for asylum, withholding of removal, and relief
under the Convention Against Torture ("CAT").  In re TianJie
Chen, No. A 096 108 947 (B.I.A. Dec. 19, 2008), aff'g No.
A 096 108 947 (Immig. Ct. N.Y. City July 20, 2006).  We
assume the parties' familiarity with the underlying facts
and procedural history of the case.

When the BIA adopts the conclusions of the IJ and
upholds the IJ's adverse credibility finding but does so for
reasons other than those cited in the IJ's decision, this
Court reviews the decision of the IJ as supplemented by the
BIA, provided that the BIA's supplemental findings do not
extend beyond the scope of its review under 8 C.F.R.
§ 1003.1(d)(3)(I), (iv).  See Xian Tuan Ye v. DHS, 446 F.3d
289, 293, 296 (2d Cir. 2006).  Here, the BIA affirmed the
IJ's credibility determination and then made additional
findings concerning Chen's credibility.  Chen does not argue
that the BIA acted ultra vires in making those additional
findings, so we need not address that issue. Because the
IJ's credibility findings were sufficient to support the
result reached, however, we do  not analyze the BIA's
additional findings.

We review the agency's factual findings, including
adverse credibility findings, under the substantial evidence
standard.  8 U.S.C. § 1252(b)(4)(B); see also Corovic v.

2

Mukasey, 519 F.3d 90, 95 (2d Cir. 2008).  We review de novo questions of law and the application of law to undisputed fact.  See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination.  See Corovic, 519 F.3d at 95.  Chen does not challenge before this Court the IJ's findings that: (1) his testimony was vague concerning how and where he learned to practice Falun Gong; (2) his testimony that Falun Gong is a religion conflicted with evidence indicating it is not; and (3) his testimony that he sometimes practiced Falun Gong in a public park was inconsistent with his testimony that he normally practiced in public.  Because Chen does not challenge those findings, they stand as valid bases for the IJ's adverse credibility determination.  See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir. 2008).  We proceed to consider the challenged findings.

As the IJ found, Chen testified that he started practicing Falun Gong on March 15, 2003, he attended his first Falun Gong association meeting a month later, and he never became a member of that association.  This was contradicted by evidence in the form of a certificate from that Falun Gong association indicating that Chen first attended a meeting there on March 15, 2003 and that he was a member.  Similarly, while Chen testified that he went to "a local clinic in the village" instead of a "big hospital" to seek medical assistance for the conditions that led him to practice Falun Gong, his parents' letter indicates that they took him "to many hospitals to seek various medical treatments."  Although Chen offered explanations for those inconsistencies, we find no error in the agency's refusal to credit them.  See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir. 2005).[*]

_____

[*] We decline to consider Chen's unexhausted argument that there was an error in the translation of his parents' letter that he submitted before the IJ.  See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 119-20 (2d Cir. 2007).

3

The IJ also reasonably found implausible Chen's testimony that he practiced Falun Gong in a public park despite the government's ban on its practice. As the BIA noted, Chen's response to the question of why he would be willing to do so – "[i]f you want to practice Falun Gong with other people, then you have to go to [the] park to practice" – did not explain why he would be willing to take that risk. See Wensheng Yan v. Mukasey, 509 F.3d 63, 67 (2d Cir. 2007) (finding that where "the reasons for [the IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence because it is tethered to the record).

To the extent that Chen challenges the agency's other credibility findings, we need not reach those arguments. Even if the arguments have some merit, remand would be futile as we can confidently predict that the agency would reach the same conclusion on remand. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 338-39 (2d Cir. 2006).

Because substantial evidence supports the IJ's adverse credibility determination, see Corovic, 519 F.3d at 95, Chen's claims for asylum, withholding of removal, and CAT relief each fail. The only evidence that he was likely to be persecuted or tortured depended upon his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006); Xue Hong Yang v. U.S. Dep't of Justice, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

4